**BREAKSTONE BROS., Inc., v. GERBER & CO., Inc.**
**Patent Appeal No. 2997.**

Court of Customs and Patent Appeals.
May 23, 1932.

O. Ellery Edwards, of New York City (James Atkins, of Washington, D. C., of counsel), for appellant.

W. Lee Helms, of New York City, for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge..

This is a trade-mark opposition proceeding in which appellant appeals from a decision of the Commissioner of Patents, reversing a decision of the Examiner of Interferences which dismissed the notice of opposition and adjudged that appellant is entitled to the registration for which it has made application.

The examiner found that confusion in trade by the use of the respective marks of the parties would not be likely. The commissioner found to the contrary, and from his decision this appeal is taken.

Appellant on October 9, 1929, filed its application for the registration of its mark, applied to cheese and butter. The mark, as shown in the drawing filed with the application, consists of a triangular figure, having a border of solid color. Within the inner triangle formed by said border a horizontal line is drawn near the apex thereof, thus forming a small isosceles triangle. At the lower corners of said large inner triangle, lines are drawn so as to form, with said corners, two small isosceles triangles of the same dimensions as the one positioned at the apex of said large inner triangle. All of the area of the large inner triangle, except those portions appropriated to the formation of the three small triangles hereinbefore described, is of a solid color, except that written across said area at an oblique angle is the word "Breakstone's," in script and ending with a paraph beneath the same. Immediately under the right-hand portion of said word is another small triangle, having its apex between the letters "n" and "e," and within said small triangle is the figure "3," beneath which is the word "point."

The application states that appellant first used its mark on October 1, 1929.

On December 26, 1929, appellee filed notice of opposition to said application, alleging registration by it, in December, 1928, of its mark, applied to cheese; that it first used its mark on July 1, 1928; that appellant's mark is confusingly similar to that of appellee; and that it (appellee) would be damaged should the mark applied for by appellant be registered and used.

A specimen of appellee's mark, as claimed to be used by it, accompanied the notice of opposition and appears in the record. Appellee's mark, as registered, consists of a triangular figure of the same form as that of appellant, with a similar outer border. A horizontal band connects the upstanding sides of the triangle. In the specimen filed with appellee's notice of opposition, in addition to the figure above described, there are found printed upon the said connecting band the words "Swiss Knight Cheese," and below said band are other descriptive words. Within said triangle there is also a representation of a Swiss knight.

Appellant's answer to the notice of opposition denies prior use by appellee of its (appellee's) mark, denies similarity of its mark to that of appellee, and alleges that a triangle in combination with a crossbar is in common use as a trade-mark for cheese, and that opposer therefore is not entitled to broadly claim the use of a triangle. In support of this allegation, appellant sets up a number of such trade-marks of triangular form, which it alleges have been registered, some of which marks appear in the record.

Neither party took testimony.

With respect to the registrations set up by appellant, this court has repeatedly held that, in cases of this character, prior registrations by third parties cannot be considered in determining the question of confusing similarity between the mark of an applicant and that of an opposer. Weyenberg Shoe Manufacturing Co. v. Hood Rubber Co., 49 F. (2d) 1046, 18 C. C. P. A. 1449; The Celotex Co. v. Millington, 49 F.(2d) 1053, 18 C. C. P. A. 1484.

In our opinion, the outer triangle formed by the border of the marks of both parties hereto is the dominant part of each, and this, together with the fact that each mark has a small triangle within the apex of the large triangle, leads us to the conclusion that appellant's mark, viewed as an entirety, so nearly resembles the trade-mark of appellee as owned and used by it, also viewed as an entirety, as to be likely to cause confusion or mistake in the mind of the public. We think the essential features of appellee's mark, as shown in the specimen filed with the notice of opposition, are the features shown in its registered mark; therefore the additional matter shown in the specimen may be ignored, and appellant is entitled to the date of registration of its mark for priority of use. We think the large triangle, and the small triangle at its apex, as shown in each

of the marks, are the features that would attract the attention of the purchaser of so common and inexpensive an article as cheese, and that such purchaser would be likely to ascribe common origin to cheese bearing either of the marks in question.

For the reasons stated the decision of the Commissioner of Patents is affirmed.

Affirmed.